UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JEFFREY DAUDERT and
KIMBERLY ADAMS DAUDERT,**

       **Plaintiffs,**                **CASE NO. 06-13269**

                                         **HONORABLE DENISE PAGE HOOD**

**v.**

**STATE FARM FIRE AND CASUALTY
COMPANY, an Illinois Corporation,**

       **Defendant.**
_____/

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

This matter is before the Court on Defendant, State Farm Fire and Casualty Company's ("State Farm") Motion to Dismiss, filed on August 22, 2006. Plaintiffs, Jeffrey Daudert and Kimberly Adams Daudert, filed a Response to Defendant's Motion on September 28, 2006. A hearing on this matter was held on November 29, 2006.

The instant matter arises out of the loss of Plaintiffs' home, located at 2609 Shelby Lane in Ocean Springs, Mississippi, 39564, after wind, rain, and/or storm surge from Hurricane Katrina destroyed Plaintiffs' residence and personal effects in August 2005. On July 19, 2006, Plaintiffs filed the instant matter after Defendant State Farm denied Plaintiffs' claims for the loss to their residential property. Plaintiffs' Complaint, in addition to compensatory damages, seeks declaratory, and injunctive relief specifically alleging, Count I, Breach of Contract, Count II,

1

Declaration of Insurance Coverage, Count III, Injunction/Equitable Estoppel, Count IV, Specific Performance of Insurance Contract, Count V, Indemnity, Count VI, Unjust Enrichment/Constructive Trust, Count VII, Reformation of Insurance Contract Based on Equitable Fraud, Count VIII, Fraud, Count IV, Negligent and Intentional Infliction of Emotional Distress.[1]

## II.     STATEMENT OF FACTS

Plaintiffs own a home in Ocean Springs, Mississippi, which was completely destroyed when Hurricane Katrina hit the Mississippi Gulf Coast on August 29, 2005.  Plaintiffs purchased homeowners insurance from Defendant, policy number 24-CS-8601-0.  The policy required Plaintiffs to pay an annual premium, as well as an additional "hurricane deductible endorsement" which, as represented by Defendant's employee, would compensate Plaintiffs for any damage caused by a hurricane. (Pls.' Compl., ¶11)  All payments on the policy are current. (Pls.' Compl., ¶5) Plaintiffs assert that Defendant never provided a copy of the insurance policy to Plaintiffs until after Hurricane Katrina struck the Gulf Coast, and after the resulting loss to Plaintiffs' home and personal effects.  (Pls.' Compl, ¶9) Plaintiffs also assert that Defendant's employees represented that Plaintiffs had full and complete coverage for any and all hurricane damage under the subject policy.  (Pls.' Compl, ¶¶12,15, 26)  On August 30, 2005, Plaintiffs submitted a claim to Defendant regarding the losses incurred to Plaintiffs' residential property and personal effects.  (Pls.' Compl, ¶34) On September 13, 2005, Defendant informed Plaintiffs that Plaintiffs' claim was being denied because the damage to Plaintiffs' property was the result of flood damage, and that storm surge was excluded from coverage under the policy.  (Pls.' Compl,

---

[1]  There is a Count X, which lists the Plaintiffs' requested remedies.

¶¶36-38)

### III.     APPLICABLE LAW & ANALYSIS

Defendant claims that this action should be dismissed because Plaintiffs have failed to join an indispensable party, specifically Standard Mortgage Corporation ("Standard Mortgage"), the mortgagee of their residence at 2609 Shelby Lane in Ocean Springs, Mississippi, 39564. Defendants claim that as a named insured on the subject policy, Standard Mortgage is a necessary and indispensable party under Fed. R. Civ. P. 19(a) and (b), and that just and complete relief cannot be obtained without joining Standard Mortgage to this cause of action.  Defendant argues that if Standard Mortgage is not joined in this matter, and a subsequent adjudication by this Court determines that there was no coverage under the policy for Plaintiffs' losses, that Standard Mortgage could bring another cause of action against Defendant, obligating Defendant to defend another lawsuit and potentially be faced with a different outcome than that reached by this Court.  Plaintiff counters that Standard Mortgage is not an indispensable party because complete relief can be accorded between the parties, Standard Mortgage does not have a direct interest in the present matter and the mere threat of potential litigation is not enough to require joinder of Standard Mortgage to this cause of action.

Rule 19(a) states:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among the parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

This Court must engage in a three-step analysis to determine whether this case should continue without Standard Mortgage being joined as a party. *See PaineWebber, Inc. v. Cohen*, 276 F. 3d 197, 200 (6th Cir. 2001)**.** First, the Court must determine if Standard Mortgage is a necessary party with specific reference to Fed. R. Civ. P. 19(a). *Id.* If the Court determines that Standard Mortgage is a necessary party, the next step is to determine whether the Court can obtain personal jurisdiction over Standard Mortgage, and whether, by joining the instant action, Standard Mortgage, will defeat this Court's subject matter jurisdiction. *Id.* If the answer to the second inquiry reveals that the Court cannot obtain personal jurisdiction and likewise cannot join the absent party without eliminating its basis for subject matter jurisdiction, the Court must, utilizing the factors in Fed. R. Civ. P. 19(b) "determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent party being thus regarded as indispensable." *Id.* The enumerated factors listed in Federal Rule of Civil Procedure 19(b), that this Court must consider, include:

> (1)   to what extent a judgment rendered in Standard Mortgage's absence might be prejudicial to the person or those already parties;
> (2)   the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided;
> (3)   whether a judgment rendered in Standard Mortgage's absence will be adequate;
> (4)   whether the plaintiff[s] will have an adequate remedy if the action is dismissed for nonjoinder

Fed. R. Civ. P. 19(b).

In support of its Motion to Dismiss, Defendant relies on a variety of cases purportedly stating that a mortgagee is a necessary and indispensable party in an action between an insured and insurer. After review of the case law cited by Defendant, the Court concludes that none of

the cases specifically make such an assertion, nor touch on the issue presently before this Court. Many of the cases involve actions where the mortgagee is already a party to the lawsuit. *See Merchants Nat'l Bank v. Southwestern Fire Ins*. Co., 751 F. 2d 771 (5th Cir. 1985)(Homeowner and mortgagees filed suit against insurer when it failed to make payments after home was destroyed by fire), *National Farmers Union Property & Casualty Co. v. First Nat'l Bank*, 669 So. 2d 767 (Miss. 1996)(The issue before the court was at what point do the insurer's rights become subrogated to the mortgagees), *Saucier v. United States Fid. & Guar. Co.*, 765 F. Supp. 334 (S.D. Miss. 1991)(Homeowner brings declaratory action against insurance company requesting an order stating she does not have to submit to examination under oath in order to receive proceeds from the insurance policy on her home, which was destroyed by fire), *Hennessey v. Helgason*, 168 Miss. 834; 151 So. 724 (1934)(Insurer brings suit against mortgagor and mortgagee to recover unpaid insurance premiums. The Court finds that the mortgagor's obligation is primary to the mortgagee's obligation, which is that of surety or guaranty).

This Court is cognizant that the Supreme Court has stated that litigation instituted against a mortgagor does not bind the mortgagee, whose interest was acquired before commencement of the suit, unless the mortgagee is made a party to the action. *See Chase Nat'l Bank v. City of Norwalk*, 291 U.S. 431, 54 S. Ct. 475, 78 L. Ed. 894 (1934)**.**  This fact, however, does not change the analysis under Fed. R. Civ. P. 19(a).  If, in Standard Mortgage's absence, complete relief can be obtained, and Standard Mortgage's interests remain protected, without subjecting Defendant to multiple or inconsistent obligations, then Standard Mortgage is not a necessary party.  Defendant argues that it may be subjected to inconsistent results if this action were to proceed without Standard Mortgage.  First, the Court notes that inconsistent results is not what

5

Fed. R. Civ. P. 19 is aimed at preventing, it is aimed at preventing inconsistent obligations. While not controlling authority, the case of *Delgado v. Plaza Las Americas, Inc.*, 139 F. 3d 1, 3 (1st Cir. 1998) is persuasive upon this Court:

> Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudication or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum.

Second, there has been no showing that there are any lawsuits involving Standard Mortgage and Plaintiffs in this matter.

The Court notes that it has reviewed the Supplemental Brief in Support of Defendant, State Farm Fire and Casualty Company's, Motion to Dismiss, filed on October 30, 2006, with an attached copy of a decision from the United States District Court for the Southern District of Mississippi, Judge L. T. Senter, Jr., presiding. *See Gaspard v. State Farm Fire & Casualty Co.*, 2006 U.S. Dist. LEXIS 78350. The *Gaspard* court was presented with the same argument by Defendant State Farm regarding the joinder of a mortgagee to an action involving an insured and its insurer. *Gaspard v. State Farm Fire & Casualty Co.*, 2006 U.S. Dist. LEXIS 78350. The court, without any analysis of how it reached its determination that it agreed with Defendant, State Farm's argument under Rule 19, determined that the mortgage lender was a necessary and indispensable party. The court gave the mortgagee three options: 1) the mortgagee could intervene in the cause of action and participate as a party in alignment with the plaintiff, or 2) the mortgagee could approve and ratify the plaintiffs' actions, thereby agreeing to be bound by the outcome of the case, or 3) the mortgagee could take no action, in which case the court would require the mortgagee to join the lawsuit as a party defendant. *Id.* *2-3. Additionally, the Court

notes that Judge Senter, Jr. has issued more than a dozen opinions reaching the same conclusion. The Court respectfully notes that these decisions, however, are not controlling upon this Court.

At the hearing, Defendant's counsel indicated that as a loss payee under the subject policy, Standard Mortgage could sue to recover losses to the property notwithstanding any previous determinations of this Court that Defendant is not liable to Plaintiffs.  The policy at issue contains a Mortgage Clause, and names Standard Mortgage on the subject policy, which Defendant appears to argue renders a separate and independent contract between Defendant and Standard Mortgage under Mississippi law.  *See Highlands Ins. Co. v. McLaughlin*, 387 So. 2d 118, 120 (Miss. 1980).   The Mortgage Clause states:

> 10. **Mortgage Clause**.  The word "mortgagee" includes trustee.
>     a. If a mortgagee is named in this policy, any loss payable under Coverage A shall be paid to the mortgagee and you, as interests appear.  If more than one mortgagee is named, the order of payment shall be the same as the order of precedence of the mortgages.

The Court finds that Standard Mortgage is not a necessary party under the circumstances. Standard Mortgage's interest is subrogated to that of Plaintiffs' interests.  If, and only if, Plaintiffs default on their loan payments will Standard Mortgage be in a position to bring suit against Defendant.  This potential for litigation is too attenuated to require joinder at this juncture Complete relief can be accorded without joining Standard Mortgage to this action.

Defendants have not demonstrated that Standard Mortgage is unable to protect its interests, which are secondary and contingent to Plaintiffs' interests, or that Defendant is subject to substantial risk of incurring double, multiple, or inconsistent obligations.  If Defendant is found to be liable to Plaintiffs for the amount of the policy, and Plaintiffs subsequently default on their mortgage, Standard Mortgage may have no recourse against Defendant.  Conversely, if

Defendant is found not liable, and Plaintiffs subsequently default on their mortgage, and Standard Mortgage brings an action against Defendant, Standard Mortgage may only recover the amount under the policy that Plaintiffs had a right to.  As such, Defendant would not be subject to double or inconsistent obligations.

Additionally, this Court notes that if Standard Mortgage were deemed to be a necessary and indispensable party, this Court would not have personal jurisdiction over Standard Mortgage.  Federal "court[s] sitting in diversity must apply the law of the forum state to determine whether it may exercise jurisdiction over the person of a non-resident." *Theunissen v. Matthews*, 935 F. 2d 1454, 1459 (6th Cir. 1991).  "However, constitutional concerns of due process" may limit this Court's authority to assert personal jurisdiction over a non-resident defendant.  *Theunissen v. Matthews*, 935 F. 2d 1454, 1459 (6th Cir. 1991)**.**  It appears that there are no set of facts which would give this Court general personal jurisdiction over Standard Federal. It is unlikely that it would consent to personal jurisdiction in Michigan, it is not a Michigan resident, as it is not organized under the law of the State of Michigan, nor is its principal place of business located in Michigan.  *See* MICH. COMP. LAWS § 600.701.   In order for this Court to assert limited personal jurisdiction over Standard Federal, it must be established that a particular relationship, as outlined in Michigan's Long Arm Statute, exists between Standard Federal and the State of Michigan.  Michigan Compiled Laws § 600.705 states that:

> [t]he existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:
>
> (1)     The transaction of any business within the state.

- (2) The doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort.
- (3) The ownership, use, or possession of real or tangible personal property situated within the state.
- (4) Contracting to insure a person, property, or risk located within this state at the time of contracting.
- (5) Entering into a contract for services to be rendered or for materials to be furnished in the state by the defendant.
- (6) Acting as a director, manager, trustee, or other officer of a corporation incorporated under the laws of, or having its principal place of business within this state.
- (7) Maintaining a domicile in this state while subject to a marital or family relationship which is the basis of the claim for divorce, alimony, separate maintenance, property settlement, child support, or child custody.

MICH. COMP. LAWS § 600.705. Standard Mortgage cannot be subject to this Court's limited personal jurisdiction because this cause of action did not arise out of any transaction occurring within the State of Michigan. Standard Mortgage did not enter into any business transaction with Plaintiffs in the State of Michigan, most likely the Mortgage Agreement was negotiated and entered into in Mississippi, as the real property in issue was located in that state.

This Court concludes that Standard Mortgage is not a necessary and indispensable party in order for complete relief to be afforded and Defendant will not be subject to inconsistent or multiple obligations if this action proceeds in its absence.

IV. CONCLUSION

IT IS ORDERED that Defendant State Farm Fire and Casualty Company's Motion to Dismiss **[Docket No. 5, filed August 22, 2006]** is DENIED.

                                                               /s/ Denise Page Hood
                                                               DENISE PAGE HOOD
Dated: March 29, 2007                           United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 29, 2007, by electronic and/or ordinary mail.

                                                               S/William F. Lewis
                                                               Case Manager